# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| JESSE JILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:17-CV-0894-SRB |
| v. | ) |
| | ) |
| SCHUSTER CO., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before this Court is Defendants' Motion for Partial Summary Judgment. (Doc. #25). For reasons explained below, the motion is denied.

### I. Background

On November 1, 2016, Plaintiff Jesse Jiles was involved in an automobile accident with Defendant Scott Stafford, who at the time was driving a truck owned by Defendant Schuster Co. Plaintiff originally brought this action in Missouri state court, asserting claims of negligence, negligent entrustment, and negligent hiring and supervision. (Doc. #1-1, pp. 2–7). The case was then removed to this Court on the basis of diversity. (Doc. #1, p. 1). In their Amended Joint and Separate Answer, Defendants assert as an affirmative defense that "[p]ursuant to [Mo. Rev. Stat.] § 303.390, Plaintiff was an uninsured motorist at the time of the accident and is therefore barred from collecting non-economic damages from the insured." (Doc. #22, ℙ 49).

Defendants now move for partial summary judgment, invoking Mo. Rev. Stat. § 303.390 to bar Plaintiff from claiming and recovering noneconomic damages. (Doc. #26, p. 3). It is undisputed that Plaintiff was an uninsured driver at the time of the accident, that Plaintiff's prior automobile insurance policy had lapsed over nine months before the time of the accident, and

that Defendants were insured at the time of the accident. (Doc. #25, pp. 1–2; Doc. #27, pp. 2–3). Plaintiff's main argument against partial summary judgment is purely legal: Defendants are not entitled to judgment as a matter of law on the issue of noneconomic damages because the express language of § 303.390 would prohibit Plaintiff from recovering noneconomic damages and thus would violate his right to a jury trial under the Missouri Constitution.

## II. Legal Standards

### A. Summary Judgment

Federal Rule of Civil Procedure 56(a) requires a court to grant summary judgment on a claim or defense—or any part of a claim or defense—if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the burden of showing the district court the basis for its motion and pointing to portions of the record which the moving party "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Moore v. Martin*, 854 F.3d 1021, 1025 (8th Cir. 2017). "In both Rule 56 motions for summary judgment and Rule 50 motions for judgment as a matter of law, the inquiry is the same: Whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Linden v. CNH Am., LLC*, 673 F.3d 829, 834 (8th Cir. 2012) (internal quotations omitted) (quoting *Kinserlow v. CMI Corp.*, 217 F.3d 1021, 1025 (8th Cir. 2000)).

### B. State Law in Federal Courts

A federal court interpreting a given state's law is "bound by decisions" of that state's highest court. *Progressive N. Ins. Co. v. McDonough*, 608 F.3d 388, 390 (8th Cir. 2010) (citing *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006)). If a state's highest

court has not decided the state-law issue, the federal court "must attempt to predict how the highest court would resolve the issue . . . ." *Id.* When determining this prediction, a federal court is "not bound to follow the decisions of intermediate state courts . . . ." *First Tenn. Bank Nat. Ass'n v. Pathfinder Expl. LLC*, 754 F.3d 489, 490–91 (8th Cir. 2014) (quoting *Baxter Int'l, Inc. v. Morris*, 976 F.2d 1189, 1196 (8th Cir. 1992)). A federal court may, however, look to a given state's intermediate courts for persuasive authority, and "state appellate court decisions are highly persuasive." *Id.* District courts in the Eighth Circuit follow intermediate state court decisions "when they are best evidence of [state] law," disregarding such decisions only when "convinced by other persuasive data that the highest state court would decide . . . otherwise." *Id.* at 491 (quoting *United Fire & Cas. Co. v. Garvey*, 328 F.3d 411, 413 (8th Cir. 2003)). Similarly, state trial court decisions are "persuasive, particularly when" such decisions "deal with subjects peculiarly within the knowledge and experience of state courts." *Pro Edge, L.P. v. Gue*, 374 F. Supp. 2d 711, 731 n.8 (N.D. Ia. 2005) (quoting *Galion Iron Works & Mfg. Co. v. Russell*, 167 F. Supp. 304, 310 (D. Ark. 1958)).

### C. Missouri Constitutional Right to Jury Trial and Mo. Rev. Stat. § 303.390

Missouri courts presume that a Missouri statute is constitutional and will not hold it unconstitutional "unless it clearly contravenes" a provision of the Missouri Constitution. *Id.* at 636 (quoting *Rentschler v. Nixon*, 311 S.W.3d 783, 786 (Mo. banc 2010)). The challenging party has the burden of proving that the statute at issue "clearly and undoubtedly" violates the Missouri Constitution. *Id.* Missouri courts adhere to the principle that "if one interpretation of a statute results in the statute being constitutional while another interpretation would cause it to be unconstitutional, the constitutional interpretation is presumed to have been intended." *Blaske v.*

3

*Smith & Entzeroth, Inc.*, 821 S.W.2d 822, 838–39 (Mo. banc 1991) (citing *Rust v. Sullivan*, 500 U.S. 173 (1991) (O'Connor, J., dissenting)).

Missouri's constitution provides that "the right of trial by jury as heretofore enjoyed shall remain inviolate . . . ." MO. CONST. art. I, § 22(a). "The right to a civil jury trial is a personal right and, therefore, it may be waived." *Badahman v. Catering St. Louis*, 395 S.W.3d 29, 35 (Mo. banc 2013) (quoting *Malan Realty Investors, Inc. v. Harris*, 953 S.W.2d 624, 626 (Mo. banc 1997)). Missouri courts have established a two-prong analysis for deciding whether a statute violates this right. *Watts v. Lester E. Cox Med. Ctrs.*, 376 S.W.3d 633, 642 (Mo. banc 2012). First, the language "heretofore enjoyed" requires a court to determine whether a plaintiff's cause of action is of a type that would have entitled the plaintiff to a jury trial when Missouri's constitution was originally adopted in 1820. *Id.* at 637–38. If so, the court must determine whether that right "remain[s] inviolate" when the challenged statutory limit "requires courts to reduce the jury's verdict." *Id.* at 638. "Inviolate" for purposes of Missouri's constitutional right to jury trial "means 'free from change or blemish, pure or unbroken.'" *Id.* (quoting *Webster's Third New International Dictionary* 1190 (1993)). Therefore, prong two of *Watts* requires courts to determine whether the challenged statute "changes the common law right to a jury determination of damages." *Id.* If so, "the right to trial by jury does not 'remain inviolate' and the cap is unconstitutional." *Id.*

Under Mo. Rev. Stat. § 303.390.1, an uninsured driver "shall waive the ability to have a cause of action or otherwise collect for noneconomic loss against a person who is in compliance with the financial responsibility laws of this chapter due to a motor vehicle accident in which the insured driver is alleged to be at fault." The statute further provides that, "[i]n an action against a person who is in compliance with the financial responsibility laws prescribed by this chapter by a

4

person deemed to have waived recovery" of noneconomic damages, "[a]ny award in favor of such person shall be reduced by an amount equal to the portion of the award representing compensation for noneconomic losses" and "[t]he trier of fact shall not be informed, directly or indirectly, of such waiver or of its effect on the total amount of such person's recovery." § 303.390.3(1)–(2). Neither the Supreme Court of Missouri nor Missouri's intermediate appellate courts have addressed whether § 303.390 violates Missouri's constitutional right to jury trial. Several Missouri circuit courts, however, have addressed this issue.

### III. Discussion

#### A. No Narrower Grounds for Decision

The parties raise two arguments that, if applicable in this case, would allow this Court to decide the present motion without ruling on whether the challenged state statute violates that state's constitution. Neither argument provides the Court a pathway to decision. This Court cannot decline to decide the state-law issue raised in this motion on abstention grounds, as Defendants suggests in their reply brief,[1] nor can this Court base its decision on the narrower statutory ground that Plaintiff suggests in his opposition brief.[2] Because this Court lacks a basis

---

[1] Neither *Pullman* nor the other abstention doctrines compel this Court to decline its "virtually unflagging obligation . . . to exercise the jurisdiction" properly granted to it. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Federal courts apply the abstention doctrines when a federal constitutional issue "might be mooted or presented in a different posture by a state court determination of pertinent state law" or when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." *Colorado River*, 424 U.S. at 814–815 (citing *Pullman Co.*, 312 U.S.; *La. Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)). Here, there is not sufficient justification for this Court to decline its duty "to adjudicate a controversy properly before it." *Colorado River*, 424 U.S. at 814. There is no parallel state-court litigation pending, and there is no federal constitutional question at issue in this case; the sole basis for this Court's subject matter jurisdiction is diversity of citizenship. Moreover, here there is no policy problem of the kind in *Burford*. Therefore, this Court will address the state-law issue properly before it.

[2] This Court cannot decide the present motion on the narrower ground that the word "person" in § 303.390 means only natural persons, not corporate entities or unincorporated business associations. "[U]nless otherwise specially provided or unless plainly **repugnant** to the intent of the legislature or to the context thereof[,]" the definition of the word "**person**" as used in Missouri statutes "may extend and be applied to bodies politic and corporate, and to partnerships and other unincorporated associations." Mo. Rev. Stat. § 1.020 (emphasis in original). Extending the meaning of the word "person" in § 303.390 to include corporations would not be repugnant to the statute's legislative intent, which is "to ensure that persons injured on Missouri's highways, whether they be owners,

5

to apply the abstention doctrines or to decide the motion on narrower statutory grounds, this Court must predict whether the Supreme Court of Missouri would hold that § 303.390 violates the Missouri Constitution.

### B. Section 303.390 Violates Missouri's Constitutional Right to Jury Trial

Defendants argue that this statute bars Plaintiff from recovering noneconomic damages against them. Anticipating that "Plaintiff's only argument will be that he did not need to comply with the statute" because it violates his rights under the Missouri Constitution, Defendants argue that § 303.390 is consistent with the Missouri Constitution. (Doc. # 26, p. 6). In particular, Defendants anticipate Plaintiff's reliance on *Watts* and distinguish it from the present case. (Doc. #26, pp. 8–9). Plaintiff argues that § 303.390 violates Missouri's constitutional right to jury trial because it is analogous to the statute that the Supreme Court of Missouri struck down in *Watts* for violation of the Missouri constitutional right to jury trial. The *Watts* court held that Mo. Rev. Stat. § 538.210, which placed a cap on noneconomic damages in medical negligence cases, placed a limit "on the jury's award of non-economic damages that operates wholly independent of the facts of the case" and that therefore § 538.210 "directly curtails the jury's determination of damages and, as a result, necessarily infringes on the right to trial by jury when applied to a cause of action to which the right to jury trial attaches at common law." 376 S.W.3d at 640. While the Supreme Court of Missouri has never addressed the constitutionality of § 303.390, Plaintiff argues that the *Watts* analysis controls.

Some Missouri trial courts have held that § 303.390 violates Missouri's constitutional right to jury trial. For example, in *Howard v. Mulkins*, No. 1716-CV08520 (Oct. 17, 2018), the

---

operators, occupants of the insured's vehicle, occupants of other vehicles, or pedestrians, may collect at least minimal damage awards against negligent motor vehicle operators." *Dutton v. Am. Family Mut. Ins. Co.*, 454 S.W.3d 319, 323 (Mo. 2015) (quoting *Am. Standard Ins. Co. v. Hargrave,* 34 S.W.3d 88, 90 (Mo. banc 2000)).

Circuit Court of Jackson County, Missouri, struck the defendant's affirmative defense that § 303.390 barred the plaintiff from recovering noneconomic damages. The court found that the *Watts* analysis applied to § 303.390 and held that, despite its "waiver" language, the statute "clearly contemplates presenting evidence to the fact finder and then reducing any award for non-economic damages." *Howard*, No. 1716-CV08520, at *5–6. The *Howard* court thus viewed the statute as "a cap, not a bar" in ruling that it violated article I, § 22(a) of the Missouri Constitution. *Id.* While decisions of Missouri's trial and intermediate appeals courts are not binding on this Court, the *Howards* decision is a persuasive example of how the Supreme Court of Missouri—in light of its precedents—would treat § 303.390.

Here, the Supreme Court of Missouri would find that § 303.390 "clearly and undoubtedly" violates the right to trial by jury under the Missouri Constitution. *See Watts*, at 636 (quoting *Rentschler*, 311 S.W.3d at 786). Section 303.390 meets the first prong under *Watts* because Plaintiff's cause of action is one that is "heretofore enjoyed" within the meaning of Article I, § 22(a) of the Missouri Constitution. The Supreme Court of Missouri has determined that "civil actions for damages resulting from personal wrongs have been tried by juries since 1820." *Id.* at 638 (citing *State ex rel. Diehl v. O'Malley*, 95 S.W.3d 82, 85 (Mo. banc 2003)). Here, Plaintiff's alleged damages result from Defendants' alleged negligent acts, which would constitute "personal wrongs." *See id.* As interpreted by Missouri's highest court, this constitutional right includes the jury's determination of noneconomic damages. *Watts*, 376 S.W.3d at 640 ("Like any other type of damages, the amount of noneconomic damages is a fact that must be determined by the jury and is subject to the protections of the article I, section 22(a) right to trial by jury."). The Missouri Supreme Court has also determined that the right to a jury trial "'heretofore enjoyed' did not include legislative limits on damages." *Id.* at 639.

Section 303.390 also satisfies the second prong of *Watts*. The Supreme Court of Missouri holds that "the phrase 'shall remain inviolate' in article I, section 22(a) [of the Missouri Constitution] means that any change in the right to a jury determination of damages as it existed in 1820 is unconstitutional." *Lewellen v. Franklin*, 441 S.W.3d 136, 143 (Mo. banc 2014). Here, Plaintiff's right to jury trial has attached, but, as a result of § 303.390, that right does not "remain inviolate." The Supreme Court of Missouri has held that "[o]nce the right to a trial by jury attaches . . . the plaintiff has the full benefit of that right free from the reach of hostile legislation." *Watts*, 376 S.W.3d at 640. "Because the constitutional right to a civil jury trial is contingent upon there being an action for damages, statutory limits on those damages directly curtail the individual right to one of the most significant constitutional roles performed by the jury—the determination of damages." *Id.* at 642. The language in § 303.390 expressly limits a jury's determination of noneconomic damages. Precedent laid out by Missouri's highest court compels a finding that this limitation violates Missouri's constitutional right to a trial by jury. *See id.*

Defendant argues that the primary deficiency that the *Watts* court identified in the statute it struck down—limiting damages "for *all* medical malpractice claims, regardless of the circumstances of each case"—does not exist in § 303.390, which "applies not to the entire cause of action, but only to claimants who failed to maintain requisite insurance coverage when filing suit against a defendant who did maintain that insurance coverage." (Doc. #28, p. 3) (emphasis in original). Defendant argues that § 303.390 does not act as a mere cap on "damages for all claims under a particular common law cause of action." (Doc. #28, p. 3). According to Defendant, § 303.390 "by its terms . . . acts as a waiver of a portion of recoverable damages in a particular claim . . . ." (Doc. #28, p. 3). Defendant argues that the *Watts* holding "does not

overrule the Missouri Legislature's right to abrogate a cause of action cognizable under common law completely." (Doc. #28. p. 2) (citing *Watts*, 376 S.W.3d at 642–43; *DeMay v. Liberty Foundry Co.*, 37 S.W.2d 640 (Mo. 1931)). In other words, Defendant argues that § 303.390 establishes a waiver, which does not violate the right to jury trial, but does not establish a cap, which might violate that right by infringing on the jury's determination of damages.

Defendants also point to two Missouri circuit court decisions, *Mays v. Williams* and *Miller v. McClellan*, to illustrate a split among the circuit courts regarding the constitutionality of § 303.390. (Doc. #26, p. 7; *see also* Docs. #26-G, #26-H). In *Mays*, the court declined to strike the defendant's § 303.390 affirmative defense after the plaintiff challenged the statute on grounds similar to those on which Plaintiff relies in this case. In *Miller*, the court characterized § 303.390 as a waiver as opposed to a cap and held that the statute therefore did not violate article I, § 22(a) of the Missouri Constitution. (Doc. #26-8, pp. 2–3) ("As a waiver, the provisions of sec. 303.390 RsMo. differ fundamentally from the provisions of the statutes invalidated in *Lewellen v. Franklin*, and *Watts v. Lester E. Cox Medical Centers*.").

Plaintiff on the other hand argues that § 303.390 is even "[w]orse than the situation in *Watts*" because it "would eliminate any award of noneconomic damages, as opposed to merely capping those damages." (Doc. #27, p. 10). Plaintiff characterizes § 303.390 not as a waiver of one's right to a jury trial but as a "cap of $0" on noneconomic damages. (Doc. #27, p. 10). Plaintiff focuses on subsection 3, which states that in any action covered by the statute, "[a]ny award in favor of such person shall be reduced by an amount equal to the portion of the award representing compensation for noneconomic loss." (Doc. #27, p. 10). Quoting *Watts*, Plaintiff argues that § 303.390 "prevents the jury's award from having its full and intended effect" and therefore violates the Missouri Constitution. (Doc. #27, p. 10).

9

Notwithstanding the words "waiver" and "waived" in subsections 1 and 3 respectively, the express mechanics of § 303.390 render it an unconstitutional limit on the jury's determination of damages. Express language in the challenged statute allows the jury to receive evidence of and determine noneconomic damages: the jury's total damages award in favor of uninsured driver "shall be reduced by an amount equal to *the portion of the award representing compensation for noneconomic losses*." § 303.390.3(1) (emphasis added). The statute then requires the court to reduce the jury's damages award by an amount equal to what they awarded as noneconomic damages without notifying the jury of this reduction. § 303.390.3(1)–(2). This statutory language expressly requires a change to the jury's determination of damages and therefore violates the right to jury trial as stated in the Missouri Constitution. *Watts*, 376 S.W.3d at 640 ("Statutory caps on damages in cases in which the right to trial by jury applies necessarily changes and impairs the right of trial by jury 'as heretofore enjoyed.'").

Under § 303.390, just as under the statute the *Watts* court struck down, "the jury nominally is permitted to find the facts while the judge statutorily is required to make a separate legal determination that applies" the limitation on noneconomic damages, which causes "[t]he unavoidable result" that the "right to trial by jury is directly subject to legislative limitation." *Watts*, 376 S.W.3d at 642. The Supreme Court of Missouri has held that this result is "untenable for the simple reason that a statutory limit on the state constitutional right to trial by jury amounts to an impermissible legislative alteration of the Constitution." *Id.* Section 303.390 therefore violates the right to trial by jury under Article I, § 22(a) of the Missouri Constitution.

Because this Court has ruled that § 303.390 violates the right to jury trial under Article I, § 22(a) of the Missouri Constitution, Defendants are not entitled to judgment as a matter of law

on Plaintiff's claim for noneconomic damages. Moreover, this Court will not address Plaintiff's contention that the statute also violates the Missouri Constitution's equal protection clause.

## IV. Conclusion

Accordingly, Defendants' Motion for Partial Summary Judgment (Doc. #25) is denied.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: November 14, 2018